UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MESSIAH MESSIAH,<br><br>        Plaintiff,<br><br>    v.<br><br>R. NAPPEN, et al.,<br><br>        Defendants. | No. 2:22-cv-1578 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his rights were violated when he was improperly deprived of his property. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1). For the reasons set forth below, the undersigned will grant the motion to proceed in forma pauperis and recommend that the complaint be dismissed.

**IN FORMA PAUPERIS**

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

2

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.   Allegations in the Complaint**

Plaintiff states that the events giving rise to the allegations in the complaint occurred while he was incarcerated by the California Department of Corrections and Rehabilitation ("CDCR") at California State Prison, Sacramento. (ECF No. 1 at 1.) He has identified

////

1  correctional officer R. Nappen, correctional captain C. Houghland, as well as two unidentified or
2  "John Does" as defendants in this action.  (Id. at 2.)

3  Plaintiff states that on August 16, 2022, Nappen identified plaintiff's incoming quarterly
4  package as "potentially not approved."  (Id. at 3.)  Nappen completed a CDCR form 1819 stating
5  that plaintiff's package was not allowed pursuant to California Code of Regulations, Title 15, §
6  3044 because it was the second quarterly package in the third quarter.  Nappen forwarded the
7  CDCR form 1819 to captain Houghland for final review.  Houghland signed the CDCR form
8  1819 authorizing the package to be returned to the shipping vendor.  (Id.)  Plaintiff argues that
9  Nappen's actions violated several sections of California Code of Regulations, Title 15, §§
10  3136(a), 3137(b), 3134(c)(4), 3191(c).  (Id. at 3, 5.)  He further claims that Nappen violated his
11  right to be free from improper search and seizure.  (Id. at 5.)

12  Plaintiff further claims that defendant Houghland violated his right to be free from
13  improper search and seizure and cruel and unusual punishment.  Plaintiff also alleges Houghland
14  violated various California regulations.  (Id. at 6.)

15  **III.    The Complaint Fails to State a Cognizable § 1983 Claim**

16      **A.  Fourth Amendment**

17  Plaintiff alleges defendants violated his right to be free from unreasonable searches and
18  seizures because they sent his quarterly package back to the shipping vendor.  (ECF No. 1 at 3-6.)
19  The Fourth Amendment protects against unreasonable searches and seizures.  U.S. Const. Amend
20  IV.  However, plaintiff's fourth amendment claim must fail as a matter of law because
21  incarceration necessarily entails limitations upon certain rights enjoyed by ordinary citizens.
22  Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989).  It is well-settled that inmates have no
23  reasonable expectation of privacy and are not entitled to Fourth Amendment protection against
24  unreasonable searches and seizures.  Hudson, 468 U.S. at 536.

25  Here, plaintiff has alleged that defendants failed to follow policy in denying him access to
26  his quarterly package.  However, such allegations are not sufficient to state a claim.  See
27  Henderson v. Rodriguez, No. 1:08-cv-0188 LJO DLB PC, 2009 WL 817750, at *5 (E.D. Cal.
28  ////

4

Mar. 27, 2009) ("Defendant's failure to follow the proper policies and procedures concerning his personal property do not support a claim for relief under section 1983.")

### B. Eighth Amendment

The Eighth Amendment requires prison officials to provide humane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Uncomfortable or even harsh living conditions do not implicate the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[O]nly those deprivations denying 'the minimal civilized measures of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citation omitted). "Prison officials have a duty to ensure that prisoners are provided adequate food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." Id.

A prison official may be liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[ ] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Toguchi, 391 F.3d at 1057 (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff has not alleged any facts from which the undersigned could conclude that denial of plaintiff's quarterly package amounted to deliberate indifference. Accordingly, plaintiff has failed to state an Eighth Amendment claim.

////

**C. Fourteenth Amendment**

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake. Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (quotation marks omitted). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which protection is sought.

A state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484). A plaintiff must assert a dramatic departure from the standard conditions of confinement before due process concerns are implicated. Sandin, 515 U.S. at 485-86; Keenan, 83 F.3d at 1088-89.

"[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)). California provides an adequate post-deprivation remedy. Bartnett, 31 F.3d at 816 (citing Cal. Gov't Code §§ 810-895). Because plaintiff had state law remedies available, he cannot state a claim for violation of his right to due process.

**IV. Failure to Exhaust is Apparent on the Face of the Complaint**

Generally, "a prisoner must exhaust his administrative remedies for the claims contained within his complaint before that complaint is tendered to the district court." Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (citing McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); and Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); 42 U.S.C. § 1997e(a). The United States Supreme Court confirmed that district courts are bound by the Prison Litigation Reform Act's textual mandate requiring all inmates to exhaust administrative remedies before bringing an action in federal Court. See Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016) (refuting a "special circumstance" exception to the rule of exhaustion).

1    "Proper exhaustion demands compliance with an agency's . . . critical procedural rules,"
2 Woodford v. Ngo, 548 U.S. 81, 90 (2006).  Thus, "to properly exhaust administrative remedies,
3 prisoners 'must complete the administrative review process in accordance with the applicable
4 procedural rules,' [] rules that are defined . . . by the prison grievance system itself."  Jones v.
5 Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88.)

6    An inmate may appeal any "adverse policy, decision, action, condition, or omission by the
7 Department" and must be submitted within 30 days of discovery.  Cal. Code Regs. tit. 15, § 3482.
8 As of June 1, 2020 administrative remedies available to CDCR inmates for violation of their
9 constitutional rights consist of a grievance to the local or regional Institutional Office of
10 Grievances and an appeal to the Office of Appeals.  Cal. Code Regs. tit. 15, §§ 3483, 3485.

11    Where a failure to exhaust is clear from the face of the complaint, it may be dismissed for
12 failure to state a claim.  See, e.g., Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014); Medina v.
13 Sacramento Cty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal.
14 Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a
15 plaintiff did not exhaust his available administrative remedies before commencing an action, the
16 action may be dismissed on screening for failure to state a claim."); Lucas v. Dir. of Dep't of
17 Corrs., 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on Albino and dismissing
18 complaint without prejudice on screening due to plaintiff's failure to exhaust administrative
19 remedies prior to filing suit).

20    Here, it is clear from the face of plaintiff's complaint that he has not exhausted
21 administrative remedies.  (See ECF No. 1 at 3-4.)  Plaintiff states that he did not submit an appeal
22 to the highest level of review because "Restoration of property is now beyond CDCR jurisdiction.
23 It has already been returned to vendor."  (Id.)  However, exhaustion is required even if the relief
24 sought is now unavailable.  Booth, 532 U.S. at 741 (requiring exhaustion where inmate sought
25 monetary relief even though it was not available through the administrative process).
26 Additionally, exhausting administrative remedies while a suit is pending will not satisfy the
27 exhaustion requirement.  Under the PLRA inmates must exhaust administrative remedies before
28 filing suit.  42 U.S.C. § 1997e(a); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per

curiam) ("[T]he PLRA's exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is pending."). Accordingly, the court will recommend that this action be dismissed for failure to exhaust administrative remedies.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court is directed to assign a district judge to this action.

IT IS HEREBY RECOMMENDED that this action be dismissed for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty days after being served with the findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 23, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/mess1578.scrn